# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT SOBCZAK-SLOMCZEWSKI, <br><br> Debtor. <br>——————————————————— <br><br> WDH LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ROBERT SOBCZAK- SLOMCZEWSKI, <br><br> Defendant-Appellee. | Case No. 17-CV-1565 <br><br> Judge Robert M. Dow, Jr. <br><br><br><br> On appeal from the U.S. Bankruptcy Court <br> for the Northern District of Illinois, <br> Eastern Division <br><br> Bankr. Case No. 13-A-972 <br><br> Judge Donald Cassling |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 13-A-972. Plaintiff-Appellant WDH LLC ("Appellant") appeals from the Bankruptcy Court's April 28, 2017 order denying Appellant's motion for relief and correction of judgment (the "Order"). See App. 228.[1] For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

## I.  Background

Debtor/Defendant-Appellee Robert Sobczak-Slomczewski ("Debtor") was a principal of Dells Hospitality, Inc. d/b/a Hilton Garden Inn Wisconsin Dells ("Dells"). Dells borrowed $12.6 million (the "Loan") from Bear Stearns Commercial Mortgage, Inc. ("Bear Stearns") to fund the acquisition of the Hilton Garden Inn Hotel in Lake Delton, Wisconsin (the "Hotel"). Debtor, in his individual capacity, agreed to indemnify Bear Stearns against certain losses that it might

---

[1] Citations to documents filed in the docket in this case, No. 17-CV-1565, are to the docket entry number, in brackets, followed by any applicable page references, such as "[7] at 5," except that citations to the appendix to Appellant's brief are to the appendix's pagination, such as "App. 228."

suffer in connection with the Loan. The Loan was subsequently acquired by Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1 (the "Trust").

Debtor defaulted on the Loan. The Trust therefore began foreclosure proceedings in Wisconsin state court. The Hotel eventually was sold at auction to Appellant, which is a limited liability company owned by the Trust. Appellant subsequently assigned to Maiden Lane, LLC ("Maiden Lane") all of its right, title, and interest in all payments, guarantees, claims, demands, causes of action, remedies, and judgments to which it is entitled against Debtor.

While he was in default under the Loan and the foreclosure proceedings were pending, Debtor transferred more than $677,000 of Hotel revenues that had been pledged as cash collateral to secure repayment of the Loan. Upon discovering these transfers, Appellant sued debtor in Wisconsin state court for indemnification, conversion and embezzlement (the "Wisconsin Case"). Debtor removed the action to the United States District Court for the Western District of Wisconsin ("Wisconsin District Court"). On March 20, 2013, the Wisconsin District Court granted summary judgment for Appellant (the "Wisconsin Order"), concluding that Debtor committed conversion and embezzlement and awarding Appellant $667,000 in actual damages. The Wisconsin District Court also ordered Appellant to submit proof of exemplary damages and any documentation needed for the court to consider an award of additional damages.

On April 22, 2013, Debtor filed a petition for Chapter 7 bankruptcy (No. 13 B 16661) in the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). Without ruling on exemplary damages, the Wisconsin District Court dismissed the Wisconsin Case "without prejudice subject to its reopening upon the completion of bankruptcy proceedings where all issues have not been rendered fully dispositive." App. 20.

On July 18, 2013, Appellant filed an adversary proceeding (No. 13-A-972) in the Bankruptcy Court. See App. 40. The adversary complaint asked the Bankruptcy Court to determine the dischargeability of the Wisconsin Order under 11 U.S.C. § 523(a)(4) and (6). The complaint alleged that Appellant had "obtained summary judgment against the Debtor" in the Wisconsin District Court "on March 20, 2013 in the amount of at least $677,000.00, plus interest, costs, disbursements, reasonable attorneys' fees, and treble damages." App. 41.[2] In its prayer for relief, Appellant asked the Bankruptcy Court to "[d]etermine and adjudge that Debtor's indebtedness to [Appellant] is excepted from the Debtor's general discharge pursuant to 11 U.S.C. § 523(a)(4) and/or (a)(6)." App. 49.

Appellant moved for summary judgment in the adversary proceeding. In its memorandum in support of summary judgment, Appellant explained that it was "a creditor of [Debtor] by virtue of . . . obtaining summary judgment against . . . Debtor" in the Wisconsin Case "on March 20, 2012 in the amount of at least $677,000.00." App. 131-132. Appellant requested that the Bankruptcy Court "enter an order determining that [Appellant]'s Wisconsin District Court Judgment is not subject to the Debtor's General Discharge." App. 149. Appellant's brief did not discuss treble damages or attorneys' fees. The proposed order submitted with the motion for summary judgment requested a declaration that "[t]he debt owed by Robert Sobczak-Slomczewski to [Appellant] in the amount of $677,000.00, together with all related fees and costs, is allowed [in] full and held to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6)." [10] at 8.

---

[2] This allegation was not entirely accurate. While the Wisconsin District Court determined that Debtor was liable for "at least $677,000," it held only that "[a]dditional damages *may* also be available . . . for attorney's fees and treble damages." App. 14 (emphasis added). The court explained that Appellant did "not enumerate those" damages and ordered further briefing. *Id*.

3

On August 5, 2014, the Bankruptcy Court granted Appellant's motion for summary judgment, concluding that "the $667,000 debt owed by the Debtor to [Appellant] is non-dischargeable under § 253(a)(4) and (a)(6)." App. 203. Debtor appealed the Bankruptcy Court's judgment to the District Court, which dismissed the appeal as untimely. The Seventh Circuit affirmed, and the Supreme Court denied Debtor's petition for writ of certiorari.

On September 4, 2016, Appellant filed a motion in the Wisconsin District Court to reopen its lawsuit against Debtor to seek additional damages under the Wisconsin Order. The Wisconsin District Court reopened the case. It awarded Appellant treble damages and post-judgment interest, but denied Appellant's request for attorneys' fees, for a total award of $2,033,370.43 (the "Additional Damages Order"). See App. 26. The Wisconsin District Court declined to address whether the additional damages were non-dischargeable in bankruptcy, instead noting that "[t]he bankruptcy court found only that this court's award [of] $667,000 in *actual* damages was dischargeable, . . . without addressing (and apparently without being asked to address) the potential of an award of treble damages or attorneys' fees." App. 29.

On November 29, 2016, Appellant filed a motion to reopen the Bankruptcy Court adversary proceeding for the purpose of modifying the court's previous order (the "Motion to Reopen") and a motion for relief and correction of judgment pursuant to Federal Rules of Civil Procedure 60(a) and 60(b)(6) (the "Rule 60 Motion"). Appellant argued that the judgment should be corrected to reflect that the additional damages awarded by the Wisconsin District Court were non-dischargeable.

On February 15, 2017, the Bankruptcy Court granted the Motion to Reopen (which was unopposed), but denied the Rule 60 Motion. The Bankruptcy Court determined that Appellant was not entitled to relief under Rule 60(a)—which authorizes a court to "correct a clerical

4

mistake or a mistake arising from oversight or omission," Fed. R. Civ. P. 60(a)—because "the Final Order, finding only $667,000.00 non-dischargeable, was an accurate reflection of the Court's intention at the time." App. 233. The Court rejected Appellant's argument that, by requesting a "non-dischargeability award of 'at least' $667,000.00, it thereby reserved its right to seek an amount greater than $677,000.00 at some unspecified date," explaining that Appellant's summary judgment motion "never specifically requested or provided evidence for any specific sum over that amount that should be awarded." App. 232-233.

The Bankruptcy Court also rejected Appellant's argument that it was entitled to relief under Rule 60(b)(6)—Rule 60's "catchall" provision for "any other reason that justified relief" but that is not specifically provided for in the rule. Fed. R. Civ. P. 60(b)(6). The Bankruptcy Court determined that Appellant did not file his motion within a reasonable time, because Appellant "was aware of its right to pursue potential additional damages, at the very least, on March 20, 2013," when the Wisconsin District Court issued an order in which it "acknowledged that causes of action of the type found in that case generally make treble damages mandatory." App. 234-236. According to the Bankruptcy Court, "[o]nce aware of its entitlement to seek that relief, [Appellant] could have explicitly requested that this Court include in its Final Order a provision declaring non-dischargeable any additional damages made by the Wisconsin District Court in the Wisconsin Order." App. 236. "Having failed to do that in the adversary proceeding," the Bankruptcy Court further explained, Appellant "could have preserved its rights by filing a motion for rehearing or clarification within fourteen days of this Court's entry of the Final Order," or "could have filed a motion under Rule 60(b)(1) for 'mistake, inadvertence, surprise, or excusable neglect' after the issuance of the Final Order within one year of its entry.'" App. 236-237 (quoting Fed. R. Civ. P. 60(b)(1)).

5

The Bankruptcy Court concluded that, even if Appellant's motion under Rule 60(b)(6) had been timely, the facts that it alleged did not "rise to the level of extraordinary circumstances.'" App. 237. The Bankruptcy Court acknowledged that its denial of the motion "may result in what one could describe as a dischargeability 'windfall' for the Debtor," while noting in a footnote that "[w]indfall is perhaps too strong a word to use in these circumstances" given that Appellant "still has the right to pursue the Debtor for up to $677,000.00." App. 237. Nonetheless, the Bankruptcy Court explained, "that 'windfall' is the result of [Appellant's] own litigation decisions, and an 'extraordinary circumstance' for purposes of Rule 60(b)(6) cannot stem from the actions of the movants themselves." App. 237-238 (citing *Ackermann v. United States*, 340 U.S. 193, 196 (1950)).

Appellant filed a notice of appeal from the Bankruptcy Court's Order on February 28, 2017. Appellant raises the following issues on appeal:

1. Whether the Bankruptcy Court erred in denying relief pursuant to Fed. R. Civ. P. 60(a).

2. Whether the Bankruptcy Court erred by holding that WDH did not seek relief pursuant to Fed. R. Civ. P. 60(b)(6) within a reasonable period of time.

3. Whether the Bankruptcy Court erred in denying relief pursuant to Fed. R. Civ. P. 60(b)(6) by holding that WDH failed to demonstrate that the situation presented rose to the level of "extraordinary circumstance."

**II.     Legal Standard**

Appellant moved for relief and to correct the Bankruptcy Court's judgment in Adversary Case No. 13-A-00972 pursuant to Rules 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60 is made applicable in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024.

Rule 60(a) authorizes the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Fed. R. Civ. P. 60(a). Rule 60(a) applies only where the alleged "'flaw lies in the translation of the original meaning to the judgment.'" *Shuffle Tech Intern., LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014) (quoting *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986)). "'[I]f the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake.'" *Id.* (quoting *Griffin*, 782 F.2d at 1396-97). Rule 60(a) does not contain a time limitation.

Relief from judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). It "cannot be used . . . to make arguments that could have been made earlier." *Scholz Design, Inc. v. Jaffe*, 242 F.R.D. 449, 451 (N.D. Ill. 2007). Rule 60(b) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding" for five specific reasons—set out in subsections 60(b)(1) through 60(b)(5)—and for "any other reason that justifies relief"—as allowed by subsection 60(b)(6). Fed. R. Civ. P. 60(b).

Subsections 60(b)(1) and 60(b)(6) are relevant here. A court may grant relief from judgment under subsection 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This subsection "encompasses mistakes by judicial officers as well as litigants." *Alexan v. Burke*, 62 F. Supp. 3d 784, 788 (N.D. Ill. 2014) (citing *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998)).

Subsection 60(b)(6) is a "catch-all" provision, *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014), which is "fundamentally equitable in nature." *Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015). "It thus requires the court to examine all of the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief," including but limited to "the diligence of the

7

petitioner" and "whether alternative remedies were available but bypassed."  *Id*.  "'Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause [in Rule 60(b)(6)] are mutually exclusive.  Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available.'" *York v. United States*, 55 F. Supp. 3d 1028, 1030–31 (N.D. Ill. 2014) (quoting *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)) (alterations in *York*).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The time limitation in Rule 60(c) is jurisdictional and cannot be extended." *Censke v. United States*, 314 F.R.D. 609, 611 (N.D. Ill. 2016) (citing *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)). "Thus, if the ground asserted for relief from a prior judgment falls within one of the enumerated grounds for relief that are subject to the one-year time limit of Rule 60(c)(1), relief under Rule 60(b)(6) is not available." *Id*.

This Court reviews the Bankruptcy Court's denial of motions under Rule 60(a) and Rule 60(b) for an abuse of discretion.  See *Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972) (Rule 60(a)); *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011) (Rule 60(b)(6)).  The Bankruptcy Court has particularly "great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'" *Bakery Machinery*, 570 F.3d at 848 (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).  Under this rule, an abuse of discretion "is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.'" *Id*. (quoting *Williams v. Hatcher,* 890 F.2d 993, 995 (7th Cir. 1989)).

8

### III. Analysis

#### A. Whether the Bankruptcy Court erred in denying relief pursuant to Fed. R. Civ. P. 60(a).

Appellant argues that it is entitled to relief from judgment under Rule 60(a) because "the Bankruptcy Court Order mistakenly omitted a finding that the District Court Order in its entirety was not subject to the Debtor's general discharge." [7] at 8. This argument necessarily fails because the Bankruptcy Court's Order makes clear that its "Final Order, finding only $667,000.00 non-dischargeable, was an accurate reflection of the Court's intention at the time." App. 233. In short, there was no mistake.

Appellant also argues that the Bankruptcy Court abused its discretion in denying relief under Rule 60(a) because its ruling was based on the erroneous finding that "Appellant never asked the Bankruptcy Court to include additional damages in its order." [7] at 8. However, the Bankruptcy Court did not say that "Appellant never asked" for any additional damages to be covered by its order; instead, it rejected Appellant's argument that, by requesting a "non-dischargeability award of 'at least' $667,000.00, it thereby reserved its right to seek an amount greater than $677,000.00 at some unspecified date." App. 232-233. *Id.* The Bankruptcy Court explained that in its summary judgment briefing, Appellant "never specifically requested or provided evidence for any specific sum over that amount that should be awarded." App. 232-233. That is entirely accurate. Appellant did not include any discussion of the possibility of a treble damages award in its summary judgment briefs, and its proposed order did not address treble damages or interest. It would have been simple enough for Appellant to brief the issue and include language in the proposed order finding nondischargeable any additional damages that the Wisconsin District Court might subsequently award, thereby alerting the Bankruptcy Court to the issue.

9

Appellant argues further that, "[k]nowing that the Wisconsin District Court had clearly left open the possibility of additional damages following Appellant's submissions, the Bankruptcy Court committed clear error by intending to limit its nondischargeability order only to $677,000." [7] at 12. Even assuming that were true, it would not entitle Appellant to relief under Rule 60(a). Rule 60(a) is applicable only where the Court's alleged error "lies in the translation of the original meaning to the judgment"—not where "the judgment captures the original meaning but is infected by error." *Shuffle Tech*, 757 F.3d at 710; see also *American Federation of Grain Millers, Local 24 v. Cargill In*c., 15 F.3d 726, 728 (7th Cir. 1994). In other words, "Rule 60(a) allows a court to correct records to show what was done, rather than change them to reflect what *should have been* done." *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis in original).

Appellant also asserts that "where additional damages, as in this case, are essentially a matter of right, courts have readily granted motions to correct judgments pursuant to rule 60(a)." [7] at 12. As support, Appellant cites—but never discusses—five out-of-circuit cases. Even if those cases supported Appellant, this Court could not follow them rather than the Seventh Circuit precedent discussed in the preceding paragraph. The Bankruptcy Court intended to limit its dischargeability order to $677,000 and, under this Circuit's precedent, Rule 60(a) cannot be used to "correct" that intentional choice.

In any event, the out-of-circuit cases that Appellant cites involved very different facts and do not help its argument. In four of the cases, a district court used Rule 60(b)(4) to add statutory prejudgment interest to a judgment that it had previously rendered. In two of those cases, the courts expressly recognize that the district court's original intent was to add interest, and in the other two the award of statutory damages was characterized as a mere ministerial act. See *Pogor*

10

*v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998) (holding that "Rule 60(a) applies under the circumstances found in this case where the language of the judgment awards interest as required by law but leaves the actual calculations for later"); *L.I. Head Start Child Development Services, Inc. v. Economic Opportunity Comm'n of Nassau County, Inc.*, 956 F. Supp. 2d 402, 415-16 (E.D.N.Y. 2013) (court would correct judgment under Rule 60(a) to include prejudgment interest where the court had intended to include prejudgment interest in the original judgment at the time it was entered); *Lee v. Joseph E. Seagram & Sons, Inc*., 592 F.2d 39, 41-42 (2d Cir. 1979) (plaintiffs who had prevailed in diversity action seeking damages for breach of contract, and who later sought award of interest under Rule 60(a), were entitled to post-judgment interest due to failure of clerk of court to comply with New York statute that required clerk to add to a judgment in any action interest from date of verdict to entry of judgment, but were not entitled to award of interest which accrued prior to verdict); *Glick v. White Motor Co*., 458 F.2d 1287, 1293-94 (3d Cir. 1972) (addition of prejudgment interest under Michigan statute is merely ministerial act that can be corrected through Rule 60(a)). In the fifth case, *Frederick v. Mobil Oil Corp*., 765 F.2d 442, 450 (5th Cir. 1985), the Fifth Circuit held that the district court did not err in using Rule 60(a) to correct its judgment to shift damages from one party to the other, because this "simply correct[ed] an oversight with respect to the amount of [one party's] lien."

Here, the Bankruptcy Court was asked to make a nondischargeability determination with respect to an order entered by the Wisconsin District Court, which was not a ministerial task. The Wisconsin District Court was charged, in the first instance, with determining whether treble damages and interest should be awarded, and it had not made that determination at the time the Bankruptcy Court entered its Order. As the Bankruptcy Court explained, Appellant "could have explicitly requested that th[e] [Bankruptcy] Court include in its Final Order a provision declaring

11

non-dischargeable any additional damages made by the Wisconsin District Court in the Wisconsin Order." App. 236. Having failed to do so, Appellant cannot use a Rule 60(a) motion to correct its own error.

For these reasons, the Bankruptcy Court did not abuse its discretion by denying Appellant relief under Rule 60(a).

> **B.  Whether the Bankruptcy Court erred in holding that WDH did not seek relief pursuant to Fed. R. Civ. P. 60(b)(6) within a reasonable period of time.**

Appellant next argues that the Bankruptcy Court committed an abuse of discretion when it held that WDH did not seek relief under Rule 60(b)(6) within a reasonable period of time. Appellant explains that it "sought relief soon after the Wisconsin District Court entered its final monetary judgment," which added treble damages and post-judgment interest to its prior award. [7] at 14. Appellant also blames Debtor for the Wisconsin District Court's delay in issuing its final award, "first because of the stay imposed by . . . Debtor's bankruptcy filing, . . . and then by . . . Debtor's myriad appeals of the Bankruptcy Court Order." *Id*.

This Court cannot conclude that the Bankruptcy Court abused its discretion in finding unpersuasive Appellant's explanation for its delay. Appellant is unable to explain why it needed the Wisconsin District Court's final monetary judgment or an exact dollar amount of treble damages or interest before asking the Bankruptcy Court to find nondischargeable any damages of these types that the Wisconsin District Court ultimately might award.[3] The Bankruptcy Court determined, and Appellant does not dispute, that Appellant knew of its right to pursue treble damages by March 20, 2013 at the latest. App. 234-235. (And Appellant would have known all along that it could request post-judgment interest.) At that point, Appellant "could have

---

[3] It appears that Appellant *could* have requested an exact dollar amount of treble damages, since its adversary complaint—which was filed before the Wisconsin District Court issued its final award—stated that it was entitled to $1.354 million in treble damages.

explicitly requested that [the Bankruptcy] Court include in its Final Order a provision declaring non-dischargeable any additional damages made by the Wisconsin District Court in the Wisconsin Order." App. 236. Debtor's bankruptcy filing and subsequent appeals did not prevent Appellant from making such a request.

Appellant also fails to address an important part of the Bankruptcy Court's ruling on the timeliness of its Rule 60(b)(6) motion. The Bankruptcy Court correctly observed that, even if Appellant forgot to ask the Bankruptcy Court in 2013-14 to declare nondischargeable any additional damages that the Wisconsin District Court might award, it could have corrected its mistake by filing "a motion under Rule 60(b)(1) for 'mistake, inadvertence, surprise, or excusable neglect' after the issuance of the Final Order within one year of its entry.'" App. 237 (quoting Fed. R. Civ. P. 60(b)(1)); see also *Alexan*, 62 F. Supp. 3d at 788 (recognizing that Rule 60(b)(1) "encompasses mistakes by . . . litigants"). Since relief was available to Appellant under subsection 60(b)(1), "relief under [subsection 60(b)(6)'s] catchall provision is not available," as these clauses "are mutually exclusive." *York*, 55 F. Supp. 3d at 1030-31. Appellant cannot make an end-run around the one-year time limitation placed on motions under subsection 60(b)(1)—which is jurisdictional—by claiming that its motion falls under the catchall provision. *Censke*, 314 F.R.D. at 611.

For these reasons, the Bankruptcy Court did not abuse its discretion by concluding that Appellant's motion under Rule 60(b)(6) was not filed within a reasonable time.

**C. Whether the Bankruptcy Court erred in denying relief pursuant to Fed. R. Civ. P. 60(b)(6) by holding that WDH failed to demonstrate that the situation presented rose to the level of "extraordinary circumstance."**

Appellant argues that the Bankruptcy Court erred by finding that, even if it had requested relief under Rule 60(b)(6) within a reasonable time, Appellant failed to make a showing of

13

extraordinary circumstances. Appellant asserts that denying its Rule 60(b)(6) motion was "grossly inequitable, given that the delay occasioned in seeking . . . additional damages was of the Debtor's own making." [7] at 19. But, as explained in the proceeding section, and as found by the Bankruptcy Court, Debtor's actions did not prevent Appellant from seeking a non-dischargeability finding on additional damages when it moved for summary judgment. Appellant "could have explicitly requested that th[e] [Bankruptcy] Court include in its Final Order a provision declaring non-dischargeable any additional damages made by the Wisconsin District Court in the Wisconsin Order." App. 236. Appellant has offered no response to this aspect of the Bankruptcy Court's Order.

Appellant also asserts that "[t]he Bankruptcy Court appears to suggest that Appellant's ability to pursue its actual damages of $677,000 against the Debtor [is relevant to] its analysis of whether its denial of the Correction Motion with respect to the additional damages would be a 'dischargeability 'windfall' for the Debtor." [7] at 19. According to Appellant, this "suggests that the Bankruptcy Court relied on forbidden factors in reaching its decision, thus constituting an abuse of discretion." *Id*. The Court is not persuaded. Appellant does not cite any case law suggesting that a court is forbidden from considering whether the movant has obtained some measure of relief against a defendant in determining whether further relief should be granted under Rule 60(a)(6). To the contrary, a court considering a Rule 60(b)(6) should "examine *all* of the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief." *Ramirez*, 799 F.3d at 851 (emphasis added).

In any event, there is nothing in the Bankruptcy Court's Order suggesting that it denied Appellant relief because Appellant had already obtained some other relief against the Debtor. The Bankruptcy Court simply questioned, in a footnote, whether avoiding a judgment for treble

damages and interest should be characterized as a "windfall," given that Appellant "still has the right to pursue the Debtor for up to $677,000.00." App. 237. Regardless of whether it was characterized as a windfall for Debtor, the Bankruptcy Court concluded, Appellant's diminished potential recovery was "the result of [Appellant's] own litigation decisions," and thus did not constitute extraordinary circumstances. App. 238. The Bankruptcy Court found specifically that (1) "one of the contributing factors for the Wisconsin District Court's delay in issuing additional damages was due to [Appellant's] failure to enumerate treble damages during the initial trial in that court"; (2) in summary judgment Appellant "chose only to ask [the Bankruptcy Court] to accept from discharge an amount of at least $677,000.00, without specifying what other damages it was seeking"; and (3) Appellant failed to take advantage of "multiple opportunities [it had] to correct [the order] well before it filed its belated Correction Motion." App. 238.

The record confirms that Appellant failed to take advantage of several earlier opportunities to obtain a nondischargeability ruling as to treble damages and post-judgment interest, including during summary judgment briefing, by filing a motion for clarification or correction after the Bankruptcy Court decided summary judgment, on direct appeal, or in a timely-filed motion under Rule 60(b)(1). Appellant's counsel's failure to make wise litigation decisions does not rise to the level of extraordinary circumstances. See *Longs v. City of South Bend*, 201 Fed. Appx. 361, 364 (7th Cir. 2006) ("Rule 60(b)(6) is unavailable when attorney negligence . . . is at issue." (citations omitted)); *Scholz Design*, 242 F.R.D. at 451 (explaining that the catchall provision "cannot be used . . . to make arguments that could have been made earlier"); *Johnsson v. Steege*, 2015 WL 5730067, at *5 (N.D. Ill. 2015) (explaining that litigation decisions that are made "freely and voluntarily" do "not satisfy Rule 60(b)'s requirement of extraordinary circumstances"); cf. *Hill v. Rios*, 722 F.3d 937, 938–39 (7th Cir. 2013) (explaining

that "a litigant who bypasses arguments on appeal cannot depict his own omission as an 'extraordinary' event that justifies post-judgment relief" under Rule 60(b)); *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 188 (7th Cir. 1985) ("A party cannot use Rule 60(b)(6) as a substitute for appeal.").

To be sure, the Court can imagine an alternate scenario in which the Bankruptcy Court gave more weight to the "windfall" to a Debtor against whom a treble damages award had been entered and less weight to the failure of Appellant to cover all of its bases prior to filing the motion to reopen under Rule 60. Put slightly differently, whether to grant the relief requested by Appellant presented a debatable proposition on which reasonable people—and reasonable jurists—could differ. In such a circumstance, the result on appeal follows directly from the standard of review. As the Seventh Circuit has explained, "[i]f the judge can decide either way because he is within the zone in which he has discretion . . . this implies that two judges faced with the identical record could come to opposite conclusions yet both be affirmed." *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996); see also *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 918 (7th Cir. 1994) ("When an issue is governed by a deferential standard of review, such as abuse of discretion, the implication is that two district judges who reached the opposite result in identical cases might both be affirmed").

For these reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in holding that Appellant failed to show that extraordinary circumstances warranted relief under Rule 60(b)(6).

## IV. Conclusion

For the foregoing reasons, the Bankruptcy Court's Order is AFFIRMED.

Dated: December 5, 2017

_____
Robert M. Dow, Jr.
United States District Judge